**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:22-cv-23223-GAYLES**

VENUS CONCEPT USA INC., a
Delaware corporation,

      Plaintiff,

v.

EXOTIC V'S BEAUTY BAR AND SPA,
a California company, and VICTORIA
NABORNE, an individual,

      Defendants.

_____/

**MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS**

Plaintiff, Venus Concept USA Inc. ("Plaintiff"), by and through the undersigned attorneys and pursuant to Fed. R. Civ. P. 55(b)(2), hereby requests entry of a default final judgment against Defendants, Exotic V's Beauty Bar and Spa ("Exotic V's") and Victoria Naborne ("Naborne," with Exotic V's, "Defendants"), and in support states:

**INTRODUCTION**

1.      On October 4, 2022, Plaintiff commenced this action by filing a Complaint [ECF No. 1] against Defendants arising out of Defendants' default in regard to the "Subscription Agreement" and "Personal Guaranty" entered into between Plaintiff and Defendants.

2.      Service of process was perfected on Defendants on April 3, 2023. *See* ECF No. 8, 9.

3.      Pursuant to Fed. R. Civ. P. 12, Defendants were obligated to file an Answer or otherwise respond within 21 days of being served with a Complaint, on or before April 24, 2023. Failure to do results in the Clerk's entry of a default under Fed. R. Civ. P. 55(a), which states:

1

95310059.4

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

4.      To date, each Defendant has failed to file or serve any response as required by law to Plaintiff's Complaint.

5.      On May 8, 2023, a Clerk's Default [ECF No. 12] was entered as to each Defendant.

6.      Given Defendants' continued failure to participate in the instant lawsuit, Plaintiff is seeking from the Court a Default Final Judgment against Defendants under Fed. R. Civ. P. Rule 55(b).

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (i) complete diversity of citizenship exists between Plaintiff and Defendants; and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida and is a citizen of Delaware and Florida.

9.      Defendant Exotic V's is a California company and is a citizen of California.

10.     Defendant Naborne is a citizen of California and is not a minor or incompetent person, nor in the military service of the United States. *See* Declaration as to Military Service attached hereto as **Exhibit A.**

## MEMORANDUM OF LAW

### I.      APPLICABLE LAW

It is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default

judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Jones v. Lewis*, No. 17-81046-CIV, 2018 U.S. Dist. LEXIS 99218, at *6 (S.D. Fla. June 12, 2018) (quoting *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp. 2d 193, 195 (D.D.C. 2006). Where, as here, Defendants have failed to respond to or otherwise acknowledge the pendency of a lawsuit against them after being served, entry of default judgment may be appropriate.

On a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts as true the facts alleged in the complaint: "[b]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *See Cotton v. Massachusetts Mut. Life Ins. Co*., 402 F.3d 1267, 1278 (11th Cir. 2005). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. *Shandong Airlines Co. v. CAPT, LLC,* 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Here, the facts alleged in Plaintiff's Complaint establish Defendants' liability as to Counts I-V.

Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted). Damages may be awarded without an evidentiary hearing if the record adequately reflects the basis for an award via "'a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United*

*Artists Corp. v. Freema*n, 605 F.2d 854, 857 (5th Cir. 1979)); *see also SEC v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005). In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *Holtz v. Bagel Mkt., Inc*., No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors*, 777 F.2d at 1543–44).

## II.     SUMMARY OF FACTS

Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as Defendants. *See* Compl., ¶6. On December 18, 2019, Plaintiff and Defendants entered into and executed the Subscription Agreement ("Subscription Agreement") whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively, the "Goods") in consideration for Exotic V's promise to pay the "Aggregate Amount" of $81,547.36 in certain monthly installments listed in the Subscription Agreement. *See* Compl., ¶7, Exhibit A. On the same day as the execution of the Subscription Agreement, Naborne executed and delivered a Personal Guaranty to Plaintiff (hereinafter the "Guaranty"), wherein Naborne guaranteed the full payment and punctual performance of all obligations of Exotic V's under the Subscription Agreement. *See* Compl., ¶8 Exhibit A.

Plaintiff fully performed under the Subscription Agreement by providing Defendants with the certain medical aesthetic device(s) and supplies (the "Goods"). *See* Compl., ¶9. Defendants, however, have defaulted under and materially breached the Subscription Agreement and Guaranty by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same since December 31, 2019. *See* Compl., ¶10. Upon the occurrence of a Default, the Subscription

Agreement allows for and provides Plaintiff with the right to immediately terminate the

Subscription Agreement and to accelerate any and all payments remaining under the Subscription

Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .

> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:

> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:

>> (i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., December 31, 2019)], and

>> (ii) The unpaid value of:

>>> (A) Any remaining Monthly Installment payable from the date of Default, and

>>> (B) Amounts otherwise payable under the Agreement, and

>> (iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and

>> (iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., December 31, 2019)] until payment in full.

Compl., ¶12, Exhibit A (emphasis supplied).

In connection with the above-quoted language, and because Defendants defaulted by

failing to pay all amounts due by their respective due dates or any time thereafter, Plaintiff, through

95310059.4

counsel, delivered to Defendants a Notice of Termination dated June 30, 2022, thereby terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement. *See* Compl., ¶13, Exhibit B.

### III.    LIABILITY

#### A.    PLAINTIFF IS ENTITLED JUDGMENT ON ITS CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANTS (COUNT I).

Plaintiff has provided factual support pertaining to all elements for its breach of contract claim. To assert a claim for breach of contract, Plaintiff must show "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006); *see Greaney v. Lake Austin Properties I, Ltd.*, No. 6:11-cv-1984-ORL-22KRS, 2012 U.S. Dist. LEXIS 206982, 2012 WL 13103149, *2 (M.D. Fla. Aug. 6, 2012). Plaintiff "must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins*, 951 So. 2d at 876.

Here, the undisputed facts indicate that Plaintiff and Exotic V's entered into and executed the Subscription Agreement, whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies, and services in consideration for Exotic V's promise to pay the Aggregate Amount of $81,547.36 pursuant to the Subscription Agreement. *See* Compl.¶7. Defendants' failure to make the requisite payments due and owing constitutes an event of "Default" under the Subscription Agreement. *See* Subscription Agreement, § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]"). *See* Compl. ¶ 11. Pursuant to the terms of the Subscription Agreement, as of June 2, 2023, both Defendants owe Plaintiff an aggregate amount of $119,634.78, consisting of the remaining value

of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% per annum, which has accrued since June 30, 2022. *See* Plaintiff's Declaration of Damages attached hereto as **Exhibit B.** Default interest continues to accrue at $50.59 per day, and Plaintiff is also entitled to attorneys' fees and costs pursuant to the Subscription Agreement.

> **B.     PLAINTIFF IS ENTITLED TO JUDGMENT ON ITS CLAIM FOR BREACH OF GUARANTY AGAINST NABORNE (COUNT II).**

The undisputed, substantiated, and well pled facts outlined above merit Default Final Judgment against Naborne. "A guaranty is a collateral promise to answer for the debt or obligation of another." *Kahama VI, LLC v. HJC LLC,* No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *3 (M.D. Fla. Apr. 24, 2013) (quoting *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.,* 764 F.2d 804, 806 (11th Cir. 1985). "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." *Id.* (quoting *Bank First v. Guillem,* No. 6:09-cv-152-Orl-31KRS, 2009 WL 1930190, at *5 (M.D. Fla. 2009).

Additionally, under Florida law "where [a] guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors." *PNC Bank, N.A. v. Monument Ctr., LLC,* Case No. 6:15-cv-859, 2016 U.S. Dist. LEXIS 109297, *14-15 (M.D. Fla. July 27, 2016) (citing *Mullins v. Sunshine State Service Corp.,* 540 So. 2d 222, 223 (Fla. 5th DCA 1989)).

Here, the undisputed facts demonstrate that Plaintiff and Naborne executed and entered into the Guaranty, wherein Naborne unconditionally guaranteed the obligations of Exotic V's under the Subscription Agreement. *See* Compl., ¶ 27, Exhibit A. Although the Guaranty was incorporated within the Subscription Agreement, the Guaranty was set-out and executed with its own independent signature. *See* Compl., Exhibit A. The language of the Guaranty is clear and unambiguous, providing, in part, as follows:

95310059.4

> The undersigned unconditionally personally guarantees to Venus Concept that he/she will make all payments and meet all obligations required under this Agreement. The undersigned especially consents to the jurisdiction of the court set out in the Terms and Conditions of this agreement.

*Id.*

Therefore, pursuant to the language of the Guaranty, Naborne guaranteed to Plaintiff the prompt and full payment – and not merely the collection— of all of Exotic V's obligations to Plaintiff. *See Id.* Though Plaintiff has pursued this litigation against both Exotic V's and Naborne, the Guaranty is to remain enforceable against Naborne without the need for Plaintiff to make any additional efforts to collect the obligations from Exotic V's.

The undisputed facts in Plaintiff's Complaint establish that Naborne breached the terms of the Guaranty by failing to perform her obligations thereunder after Exotic V's defaulted on the terms of the Subscription Agreement. *See* Compl., ¶ 28. Plaintiff also attached a copy of the Guaranty included within the Subscription Agreement to the Complaint for the Court's review. *See* Compl., Exhibit A. As such, the evidence and the well-pleaded allegations in the Complaint state a claim for breach of guaranty against Naborne, and Plaintiff is entitled to Final Default Judgment on Count II of its Complaint.

### C.   PLAINTIFF IS ENTITLED TO JUDGMENT ON ITS CLAIM FOR UNJUST ENRICHMENT (COUNT III) IN THE ALTERNATIVE.

As a general principle, a plaintiff cannot pursue an implied contract theory, such as unjust enrichment or *quantum meruit*, if an express contract exists. *See Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) (stating that a plaintiff cannot pursue unjust enrichment or *quantum meruit* "if an express contract exists"). However, pursuant to Fed. R. Civ. P. 8, Plaintiff may plead alternative grounds for relief, which it has done here. Fed. R. Civ. P. 8(a)(3). To successfully prevail on a claim for unjust enrichment a plaintiff must prove that: (1) the plaintiff has conferred

a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

Here, Plaintiff states in its Complaint that it "conferred to the appreciation of the Defendants certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies." Compl.¶34. Plaintiff further states that "Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received." *Id.* at ¶ 35. Therefore, even if the Court finds that Plaintiff has not successfully stated a claim of breach of contract, Plaintiff still successfully states a substantive cause of action through its claim for unjust enrichment. As such, there is sufficient basis in the pleadings for the relief sought, and Plaintiff is entitled to Final Default Judgment on Count III of its Complaint if the Court denies Count I and Count II.

### D.   PLAINTIFF IS ENTITLED TO JUDGMENT ON ITS CLAIM FOR ACCOUNT STATED (COUNT IV).

Plaintiff has adequately established Defendants' liability for account stated (Count IV). To properly allege a cause of action for account stated, a Plaintiff must allege ultimate facts to support the parties' agreement that a certain balance is correct and due, and that there was an express or implicit promise to pay this balance. FDIC v. Brodie, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992) (quoting Merrill-Stevens Dry Dock Co. v. Corniche Express, 400 So. 2d 1286, 1286 (Fla. 3d DCA 1981)). "A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent." Supermedia LLC v. Pre Enters., LLC, No. 8:10-cv-000647-T-30TGW, 2010 U.S. Dist. LEXIS 83307, at *7 (M.D. Fla. July 8, 2010). The practice of periodic billings for certain amounts in the reasonable course of business, when no objection is made to the amount of the bill in a reasonable period of

time, may give rise to such a presumption. Id. at *7; see also F.D.I.C. v. Brodie, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992).

Plaintiff's Complaint establishes that the parties entered into and executed the Subscription Agreement and Guaranty on December 18, 2019. See Compl., ¶ 7.  Plaintiff alleges that Defendants failed to make all of the required payments due and owing beginning on December 31, 2019 for the Subscription Agreement. See Compl. ¶ 43. Plaintiff's Complaint and exhibits attached thereto demonstrate that Plaintiff continued to send periodic invoices. See Compl., Exhibits C & D. Defendants did not object to the invoices and they remain unpaid. See generally, Compl. The foregoing is sufficient to state a claim for account stated, and, therefore, Plaintiff should be granted Final Default Judgment on Count IV of its Complaint.

## IV.    DAMAGES

In addition to entering default judgment on liability, a court must determine the amount of damages to be awarded. See Holtz, 2013 WL 12141515, at *2. The burden is on the plaintiff to prove the amount of damages owed. Varela v. Innovating Wiring Sols., LLC, No. 6:07-cv-165-Orl-28KRS, 2009 WL 1795044, at *4 (M.D. Fla. June 22, 2009). "Affidavits based on personal knowledge can be sufficient evidence to establish damages." Holtz, 2013 WL 1214515, at *2. Here, pursuant to the terms of the Subscription Agreement, Plaintiff seeks to recover the total amount of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% which has accrued from the dates of Default until payment in full. See Compl., ¶ 12.

Both the Subscription Agreement and Plaintiff's Declaration of Damages, attached hereto as **Exhibit B**, demonstrate that, as of June 2, 2023, Defendants owe Plaintiff $119,634.78 under the Subscription Agreement, consisting of the unpaid principal and accrued default interest. See

**Exhibit B**. Plaintiff is also entitled to per diem interest of $50.59 until entry of final judgment. *See Id.*

Lastly, pursuant to Section 15(iii) of the Subscription Agreement, Plaintiff is also entitled to collect costs and attorneys' fees. *See* Compl., ¶ 13, Exhibit A, § 15(iii). The total amount of attorneys' fees incurred by Plaintiff in this matter as of June 2, 2023, is $11,872.00. *See* Declaration of Attorneys' Fees and Costs attached hereto as **Exhibit C**. The total amount of costs incurred by Plaintiff in this matter as of June 2, 2023, is $5,916.84. *See Id.*

Therefore, based upon the record, Plaintiff is entitled to Default Final Judgment against Defendants, jointly and severally, for damages in the total amount of $137,423.62. Plaintiff is also entitled to per diem interest of $50.59 until entry of final judgment and additional attorneys' fees and costs.

## CONCLUSION

**WHEREFORE**, given these well-pled allegations, the declarations attached hereto, and the failure of Defendants to timely answer or defend the instant lawsuit, Plaintiff respectfully requests this Honorable Court enter a Default Final Judgment against Defendants, jointly and severally, and award Plaintiff damages in the total amount of $137,423.62, plus per diem interest of $50.59 until entry of final judgment and additional attorneys' fees and costs.[1]

Dated: June 2, 2023                    Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Plaintiff*
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: (954) 728-1280
Fax: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

---

[1] A proposed order granting this Motion is attached hereto as **Exhibit D**.

95310059.4

By: /s/ Vincent F. Alexander
          Vincent F. Alexander
          Fla. Bar No. 68114

## CERTIFICATE OF SERVICE

**I CERTIFY** that on June 2, 2023, I filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served this day by (i) electronic mail on all counsel of record or pro se parties authorized to receive service in this case by transmission of Notices of Electronic Filing generated by CM/ECF; and (ii) U.S. First Class Mail on the following non-CM/ECF participants: Exotic V's Beauty Bar and Spa whose address is 2412 W Via Camille, Montebello, CA 90640, and Victoria Naborne whose address is 2412 W Via Camille, Montebello, CA 90640.

By: /s/ *Vincent F. Alexander*
          Vincent F. Alexander

95310059.4