UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-23223-GAYLES

Venus Concept USA Inc., a
Delaware Corporation,

 Plaintiff,

v.

Exotic V's Beauty Bar and Spa, a California
company, and Victoria Naborne,
an individual,

 Defendants.
_____/

**DECLARATION OF VINCENT F. ALEXANDER, ESQ. IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

 I, Vincent F. Alexander, Esq., pursuant to 28 U.S.C. § 1746, submit this Declaration in Support of Plaintiff's Request for Attorneys' Fees and Costs ("Declaration"), and declare as follows to the best of my knowledge, information, and belief:

 1. I am over the age of 18 and am fully competent to make this declaration in support of Plaintiff Venus Concept USA, Inc.'s ("Plaintiff" or "Venus") request for attorneys' fees and costs. This declaration is based on my own personal knowledge unless otherwise indicated. If called to testify, I could and would do so competently on the matters stated herein. I am authorized to make this Declaration on behalf of Venus and Lewis Brisbois Bisgaard & Smith, LLP ("LBBS").

 2. I am a partner with LBBS. I, my associate David Robbins, along with LBBS paralegals under my supervision, including Christina Freeman and Gary Lipscomb, represented Venus in the above-captioned matter. I have been a member in good standing of the State Bar of

1

95310422.2

Florida since 2009 and am also admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Courts for the Southern, Middle, and Northern Districts of Florida, the United States District Court for the District of Colorado, and the United States District Court for the Southern District of Texas. My practice focuses on complex commercial litigation matters, and I have successfully tried cases throughout the country as lead counsel in numerous state and federal courts.

3. LBBS diligently investigated, prosecuted, and dedicated resources to the claims in this matter. The work performed by LBBS included, without limitation, the following:

   a. review of relevant documents;

   b. drafting and sending demand letters;

   c. researching and drafting complaint against Defendants;

   d. obtaining defaults against Defendants; and

   e. drafting a motion for default final judgment and related documents against Defendants.

4. In my experience, these tasks are typical of this sort of litigation and were necessary to the successful prosecution and resolution of the claims.

5. Copies of LBBS's time entries containing the reasonable attorneys' fees and costs incurred in this matter and summary of expenses are attached hereto as **Composite Exhibit 1**.[1] These detailed time records consist of contemporaneous logs, with separate entries for the hours spent on specific tasks, indicating who performed the work and giving a description of the task.

---

[1] Information protected by the attorney-client privilege and/or the work product doctrine has been redacted from certain entries in the invoices.

These records of LBBS are kept in the normal course of business for the purpose of billing clients, and I have reviewed same in respect to the preparation of this Declaration.

6. The reasonable rates charged by LBBS in this matter were based upon the experience and skill required in performing the work by each attorneys and were discounted from LBBS's normal and customary rates. LBBS charged a blended flat rate of $360.00 per hour for all attorneys and a blended flat rate of $160.00 per hour for all paralegals.

7. The chart below reflects the reasonable hours billed on this matter by LBBS staff:

| Timekeeper | Position | Hourly Rate | Total Hours | Total Amount |
|---|---|---|---|---|
| Vincent F. Alexander | Partner | $360.00 | 7.6 | $2,736.00 |
| David Robbins | Associate | $360.00 | 18.4 | $6,624.00 |
| Christina Freeman | Paralegal | $160.00 | 9.3 | $1,488.00 |
| Gary Lipscomb | Paralegal | $160.00 | 6.4 | $1,024.00 |
| Total | | | 41.7 | $11,872.00 |

8. Based on my experience, the hourly rates charged by LBBS in this matter are on par or below the rates sought by other attorneys handling similar litigation matters.

9. LBBS took measures to litigate this case efficiently and to avoid duplication of efforts.

10. LBBS also incurred on behalf of Venus the following ordinary and necessary costs as follows:

| Costs and Expenses | Amount |
|---|---|
| Filing Fee & Issuance of Summonses | $817.04 |
| Service of Process | $5,099.80 |
| **Total** | **$5,916.84** |

11. I have reviewed these costs to ensure that they were not excessive or unnecessary.

12. The worked performed by LBBS was essential to Venus obtaining a favorable result.

3

95310422.2

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of June, 2023          /s/ Vincent F. Alexander
                                                                    Vincent F. Alexander

95310422.2