UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-23223-GAYLES

VENUS CONCEPT USA INC.,

    Plaintiff,

v.

EXOTIC V's BEAUTY BAR AND SPA and
VICTORIA NABORNE,

    Defendant.
_____/

**FINAL DEFAULT JUDGMENT**

**THIS CAUSE** came before the Court on Plaintiff Venus Concept USA Inc.'s Motion for Default Final Judgment against Defendants (the "Motion"). [ECF No. 14]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On October 4, 2022, Plaintiff filed a Complaint against Defendants Exotic V's Beauty Bar and Spa ("Exotic") and Victoria Naborne ("Naborne"). [ECF No. 1]. According to the allegations in the Complaint, on December 18, 2019, Plaintiff entered into a Subscription Agreement with Exotic for the delivery of medical devices and goods in exchange for a total of $81,547.36 in monthly installment payments. *Id.* ¶ 8. Naborne executed a guaranty to Plaintiff (the "Guaranty"), personally guaranteeing Exotic's performance under the Subscription Agreement. *Id.* ¶ 9. Defendants failed to make the requisite payment sunder the Subscription Agreement and have been in default since December 31, 2019. *Id.* ¶ 11. On June 30, 2022, Plaintiff delivered a Notice of Termination of the Subscription Agreement to Defendants demanding payment of all amounts due.

*Id.* ¶ 14. Defendants have failed to pay the amount demanded pursuant to the Termination Notice. The Complaint sets forth claims for Breach of Contract (Count I), Unjust Enrichment (Count III), Account Stated (Count IV), and Replevin (Count V) against both Defendants and Breach of Guaranty against Naborne (Count II).

Despite proper service, Defendants failed to answer or otherwise appear in this action. On May 8, 2023, upon Plaintiff's motion, the Clerk of Court entered a default against Defendants. [ECF No. 12]. Plaintiff timely moved for entry of final default judgment. [ECF No. 14].

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter final default judgment against a party who has failed to respond to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC* v. *Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007). Upon review of Plaintiff's Motion and the record, the Court finds a sufficient basis to support Plaintiff's claims for Breach of Contract (Count I), Unjust Enrichment (Count III), Account Stated (Count IV), and Replevin (Count V) against both Defendants and Breach of Guaranty against Naborne (Count II). In addition, the Court finds that Plaintiff has established entitlement to $122,063.10 in compensatory damages, $11,872.00 in attorney's fees, and $5,916.84 in costs.

Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1.   Plaintiff Venus Concept USA Inc.'s Motion for Default Final Judgment against Defendants, [ECF No. 14], is **GRANTED**.

2. Final Default Judgment is entered in favor of Plaintiff Venus Concept USA Inc. and against Defendants Exotic V's Beauty Bar and Spa and Victoria Narbone, jointly and severally.

3. Plaintiff is entitled to recover from Defendants the sum of **$122,063.10** in compensatory damages, **11,872.00** in attorney's fees, and **$5,916.84** in costs for a total amount of **$139,851.94** for which let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Thursday, July 20, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE